May Term,
1859.

PAUL
v.
ARNOLD.

(1) Mr. *Claypool* cited Ang. and Ames on Corp., §§ 381, 571 to 575; 5 Blackf. 197; 1 R. S. p. 157, § 21; R. S. 1838, p. 98, § 28.

(2) Counsel for the appellee cited *Bird* v. *Lanius*, 7 Ind. R. 615; Ang. and Ames on Corp., §§ 354, 355; Chit. on Cont. 387, 712, notes; Story on Prom. Notes, 193, 195.

## PAUL and Another *v.* ARNOLD.

If a complaint upon a delivery-bond refers to the debt, interest, and costs, shown by the execution, as the amount demanded in the suit, and it appears by such reference that the amount is within the jurisdiction, it is, in this respect, sufficient.

The statute (2 R. S. pp. 138, 139, §§ 457, 458), contemplates the insertion in a delivery-bond of a stipulation that the execution-defendant may dispose of the property; but as the stipulation is for his benefit, if he execute the instrument without inserting it, it will be presumed that he waived it, and the bond will be valid without it.

APPEAL from the *Decatur* Court of Common Pleas.

*Thursday,* *May 26.*

DAVISON, J.—The appellee, who was the plaintiff, sued *John Paul* and *Erastus Floyd* upon a delivery-bond. In the complaint it is alleged, that the plaintiff, at the *July* term, 1856, recovered a judgment in the *Decatur* Court of Common Pleas against *Paul* for 849 dollars, and costs, taxed at 9 dollars, upon which an execution was issued, and, by virtue of which, the sheriff levied on certain articles of personal property belonging to *Paul*, of the value of 1,082 dollars, and thereupon he, with *Floyd* as his surety, executed to the plaintiff the bond in suit, which is in the penalty of 1,800 dollars, and conditioned for the delivery of the property levied on to the sheriff, at the residence of *Paul*, on the 5th of *June*, 1857.

For breach, it is alleged that defendants, or either of them, did not deliver the property as stipulated in the condition of the bond. The complaint concludes thus: " In consideration of the premises, the plaintiff demands judgment for the amount of the debt, interest, and costs, as shown by the execution, together with ten per cent. damages

May Term,  thereon, and accruing interest and costs, and other proper
1859.   relief."

PAUL
v.
ARNOLD.

Demurrer to the complaint overruled, and final judgment in favor of the plaintiff for 951 dollars.

There are two assignments of error—

1. That the complaint nowhere demands judgment for any stated sum of money; that the bond sued on is in a penalty of 1,800 dollars, and the amount claimed is not limited within the jurisdiction of the Common Pleas.

2. That the bond is void on its face, because the condition does not state that the execution-defendant might sell the goods levied on at private sale.

These assignments are not maintainable. The concluding branch of the complaint very distinctly refers to the debt, interest, and costs, shown by the execution, as the amount demanded in the suit; and by this reference it sufficiently appears that the aggregate amount demanded is within the jurisdiction of the Common Pleas. It is true, the mode in which the demand is stated is not in any approved form; but, in this instance, it seems to be substantially sufficient.

The second assignment of error remains to be considered. We have a statute which says:

"Any personal property taken in execution, may be returned to the execution-defendant by the sheriff, upon the delivery, by the defendant to him, of a written undertaking, payable to the execution-plaintiff, with sufficient surety, &c., to the effect that the property shall be delivered to the sheriff at the time and place named in the undertaking, to be sold, &c., or for the payment to the sheriff of the appraised value thereof, or when the same is not appraised, then of the fair value of the same." 2. R. S. p. 138, § 457.

Another section provides that the sheriff, before he delivers the property to the defendant, shall cause it to be appraised, &c.; and the defendant may sell or dispose of it, paying the officer the full appraised value thereof. *Id.* p. 139, § 458.

These provisions evidently contemplate the insertion, in the written undertaking, of a stipulation to the effect that

the execution-defendant may dispose of the property; but the stipulation is for his benefit, and having executed the instrument without its insertion, it must, in the absence of proof to the contrary, be presumed that he waived it. The omission to insert the stipulation does not, in our opinion, affect the validity of the instrument in suit. *Patterson* v. *Brown*, 1 Ind. R. 567.

*Per Curiam.*—The judgment is affirmed with 3 per cent. damages and costs.

*M. M. Ray* and *T. A. McFarland*, for the appellants.

*R. Robbins*, *J. S. Scobey*, and *W. Cumback*, for the appellee.